UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM[1], GOVERNOR FOR THE STATE OF SOUTH DAKOTA IN HER OFFICIAL AND UNOFFICIAL CAPACITY; MIKE LEIDHOLT, SECRETARY OF CORRECTIONS IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; DARIN YOUNG, WARDEN IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; TROY PONTO, ASOC. WARDEN IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; CLIFF FANTROY, DIRECTORY OF SECURITY IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; CHAD ROBERT, MAJOR IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; KEITH DITMANSON, SECTION MANAGER IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; CATHY WYNIA, WELDING, SSGT. INDENTIFICATION OFFICE IN HIS OFFICIAL AND UNOFFICIAL CAPACITY; IAN MILLER, GLOBAL TEL LINK CORPORATION, JEFF HAIDINGER, STEVE MANTANORIS, MIKE KING, LORAH OLSEN,<br><br>Defendants. | 4:20-CV-04044-RAL<br><br><br>ORDER DENYING CERTAIN PLAINTIFF'S MOTIONS |

---

[1] Rindahl's Complaint lists this Defendant as Kristen Noam, but the name has been changed in the caption to reflect the correct spelling.

1

On June 5, 2020, this Court filed an Order Denying Plaintiff's Motion for Change of Venue and 1915A Screening, Doc. 6, which directed service but dismissed some of the various claims in the Complaint. Plaintiff Randy Lee Rindahl since that time has filed the following motions: 1) Motion to Appoint Counsel, Doc. 7; 2) Motion to Revisit/Relief from Prior Judgment, Doc. 12; 3) Motion for Preliminary Injunction, Doc. 14; and 4) "Request for an 'Imminent' Temporary Restraining Order and Order to Show Cause Why a Permanent Injunction Should Not Be Imposed" filed July 13, 2020, Doc. 20. Upon the June 29, 2020 filing of the Motion for Preliminary Injunction, this Court had entered an Order Directing Response, Doc. 15, requiring that the Department of Corrections Defendants respond by July 20, 2020, to Rindahl's request that he receive immediate treatment for his "left knee, right rib cage, and upper left rib area." Doc. 15. Rindahl's new motion for temporary restraining order seeks to prevent the Department of Corrections from transferring Rindahl from a single-cell setting at the high-security prison facility in Sioux Falls to a shared-cell setting at the lower-security facility in Springfield, asserting that doing so violates the Prison Rape Elimination Act and is in retaliation for his court filings. Doc. 20.

Taking Rindahl's motions in the order filed, this Court declines to appoint counsel for Rindahl. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. Rindahl was able to present his claims in a way where several survived screening, and this Court's screening order sets forth a summary of the law regarding each claim for Rindahl's benefit. See Doc. 6. Rindahl is a very experienced pro se litigant, and indeed has

filed two motions for injunctions and a motion to reconsider without the benefit of counsel. The case does not appear to be that complex or involve conflicting witnesses, but this Court will evaluate on its own if an attorney for Rindahl becomes necessary in the future.

Rindahl's motion to reconsider is denied. This Court in a 16-page order evaluated and screened each of Rindahl's various claims, dismissing some and preserving others. Doc. 6. Nothing in Rindahl's re-argument of his claims prompts or justifies a different decision. This Court already has directed a response deadline of July 20 by the Department of Corrections Defendants to Rindahl's Motion for Preliminary Injunction, and this Court need not address that motion until those Defendants respond and Rindahl can reply.

This Court interprets Rindahl's July 13 motion for "'Imminent' Temporary Restraining Order," Doc. 20, as a motion under Rule 65(b) of the Federal Rules of Civil Procedure. A temporary restraining order (TRO) under Rule 65(b) is to be for emergency situations where "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Rindahl has failed to satisfy the requirements of Rule 65(b)(1) to justify entry of a TRO. The Department of Corrections Defendants should address the TRO request when filing the response on July 20 to the other requested injunction.

Finally, the non-Department of Corrections Defendants—Mike King, Regional Manager of Global Tel Link Corporation (GTL), and Lorah Olsen, Ground Personnel for GTL—have filed a Motion for Extension of Time, Doc. 19, to August 14, 2020, to answer or otherwise respond to Plaintiff's Complaint. Rindahl is not seeking immediate injunctive relief from the GTL

3

Defendants. The Department of Corrections Defendants already have answered the Complaint. Doc. 16. This Court will grant the GTL Defendants additional time to answer or otherwise respond. Thus, it is hereby

ORDERED that the GTL Defendants' Motion for Extension of Time, Doc. 19, is granted such that the GTL Defendants have until August 14, 2020, to answer or otherwise respond. It is further

ORDERED that Rindahl's Motion to Appoint Counsel, Doc. 7, and Motion to Revisit/Relief from Prior Judgment, Doc. 12, are both denied. It is finally

ORDERED that Rindahl's Motion for Temporary Restraining Order, Doc. 20, is denied, although the Department of Corrections Defendants are to address the issue in their response due on July 20, 2020, to Rindahl's prior motion for injunction.

DATED this 14th day of July, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE